UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAL CURTIS, ON BEHALF
OF HIMSELF AND THOSE
SIMILARLY SITUATED,

                                          CASE NO.:

        Plaintiff,

vs.

VITEL COMMUNICATIONS
LLC, A FOREIGN
CORPORATION,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMAL CURTIS, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendant, VITEL COMMUNICATIONS LLC, a Foreign Corporation, and alleges:

1.    Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2.    Plaintiff worked as a cable installer for Defendant in DeKalb

County, Georgia, among other locations.

3.     Plaintiff worked for Defendant from approximately January 2013 to January 2016.

4.     Defendant, VITEL COMMUNICATIONS LLC, is a foreign corporation that provides cable installation business in DeKalb County, Georgia and is within the jurisdiction of this Court.  *See* www.vitel-llc.com.

5.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every cable installer who worked for Defendant at any time within the past three (3) years within the State of Georgia.

6.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7.     During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8.     During Plaintiff's employment with Defendant, Defendant, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9.     Included in such goods, materials and supplies were cable installation supplies, tools, ladders, satellite dishes, receivers, cable boxes, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

10.    Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11.    Furthermore, Plaintiff was individually engaged in commerce under the FLSA as a result of his work in cable installation which transacted business in interstate commerce.

## FLSA Violations

12.    At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff and the other cable installers overtime compensation for all overtime hours worked.

13.    Specifically, Plaintiff and the other cable installers were classified as employees of Defendant.

14.    Plaintiff and the other cable installers routinely worked overtime hours on behalf of Defendant.

15.    Even though Plaintiff and the other cable installers often worked overtime hours, Defendant would usually only pay them their regular pay with

<u>no</u> additional compensation for overtime hours worked.

16.   Such a practice violates the FLSA and has caused damages to Plaintiff and the other cable installers.

17.   The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

18.   Upon information and belief, the records, to the extent any exist or are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated cable installers are in the possession and custody of Defendant.

## <u>COUNT I - RECOVERY OF OVERTIME COMPENSATION</u>

19.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20.   Plaintiff was entitled to be paid overtime compensation for overtime hours worked during his employment with Defendant.

21.   The other similarly situated cable installers who worked with Plaintiff were also entitled to overtime compensation for their overtime hours

worked for Defendant.

22.     During their employment with Defendant, Plaintiff and the other cable installers routinely worked overtimes hours, but did not receive overtime compensation for all overtime hours worked by them.

23.     Defendant did not have a good faith basis for its decision to not pay Plaintiff and the other cable installers overtime compensation for all overtime hours worked.

24.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the other cable installers complete overtime compensation, Plaintiff and the other cable installers have suffered damages plus incurring reasonable attorneys' fees and costs.

25.     As a result of Defendant's willful violation of the FLSA, Plaintiff and the other cable installers are entitled to liquidated damages.

26.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JAMAL CURTIS, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation owed to him and the other cable installers, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to

be just and appropriate.

Dated this <u>3rd</u> day of June, 2016.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:      RMorgan@forthepeople.com
***Attorneys for Plaintiff***